MILTON RAY *vs.* BENJAMIN F. DE BUTTS & others.

Suffolk.　November 18, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Municipal Corporations*, Acceptance of statute by town, Annual town meeting.

St. 1901, c. 78, provides for the extension of the civil service law to the police and fire forces in such towns as shall vote to accept the act and, that the act may be submitted to the voters of any town "at any annual town meeting or at any special meeting called therefor." St. 1894, c. 132, as incorporated in St. 1898, c. 548, § 349, provides, that towns divided into voting precincts may for their annual town election establish precinct voting for all town officers to be chosen thereat and for voting on the question of granting licenses for the sale of intoxicating liquors, and that all other matters to be considered at the annual town meeting shall be in order only at a town meeting held within thirty days after the date of the annual election. *Held*, that a vote of a town by precinct voting at the first part of its annual town meeting, to accept St. 1901, c. 78, was not a legal acceptance of the statute.

PETITION for a writ of mandamus against the selectmen of the town of Revere and one Charles H. Rhoades to try the question whether the petitioner or Rhoades was the chief of police of that town and praying that the petitioner might be restored to that office from which he alleged that he had been removed unlawfully by the selectmen, filed March 29, 1901.

At the hearing of the case by *Knowlton*, J., the petitioner contended that his removal was illegal, because it was not made for cause shown or after a full hearing as required by St. 1901, c. 78. It appeared, that the town had voted to accept this statute by precinct voting at the first part of its annual town meeting held on March 4, 1901, and on the same day voted that the appointment of the petitioner as chief of police be revoked and Rhoades appointed in his stead. The second part of the annual town meeting was called and held at the town hall on March 11, 1901, the voting, except for the choice of moderator, was not by ballot, and the question of accepting the provisions of St. 1901, c. 78, was not made a part of the business for the meeting. See St. 1894, c. 132; St. 1898, c. 548, § 349.

The justice, for the purposes of the hearing, assumed that the petitioner had made out his case except in one particular,

on which the following ruling was requested: That, under the provisions of St. 1901, c. 78, the question of accepting the provisions of that act was properly before that part of the annual meeting held on March 4, 1901, and that the provisions of the act had been duly accepted by the town of Revere, and, after March 4, were in force in that town. The justice refused so to rule, and made a decree dismissing the petition; and the petitioner alleged exceptions.

*H. R. Bailey*, for the petitioner.

*R. W. Nason & S. R. Cutler*, for the respondents.

HAMMOND, J. The only question raised in this case is whether the acceptance by the town of Revere of St. 1901, c. 78, at the first part of the annual town meeting of the present year was a legal acceptance. The town had been divided into voting precincts. The earlier statutes authorizing the establishment of such precincts in towns provided that they should be used for holding all meetings " for the choice of officers elective by the people, except town officers." St. 1886, c. 264, § 1. St. 1890, c. 423, § 72. St. 1893, c. 417, § 101. Meetings for the transaction of the general business of the town including the choice of town officers were not affected, but remained as before. But by St. 1894, c. 132, a further change was made, so that any town which had adopted the system of precinct voting as theretofore authorized might use the system for the annual choice of its town officers and for voting upon the question of granting licenses for the sale of intoxicating liquors, and all other matters to be considered at the annual town meeting were to be brought before the town meeting to be held within thirty days after the date of the annual election. The time and place of holding this subsequent meeting were to be named in the warrant, and the election, subsequent meeting and its adjournments were to be regarded as parts of the annual town meeting. See also St. 1898, c. 548, § 349, where these provisions have been substantially re-enacted.

It is plain that the question of the acceptance of St. 1901, c. 78, could not be decided at the precinct meetings unless these statutes have been modified. There is no express modification, but it is argued by the petitioner that since the whole matter was within the power of the Legislature it may be inferred that

there was an implied modification of these prior statutes as to precinct voting, and that when the Legislature said that this statute might be accepted at any annual town meeting the vote on the question might be taken either at the first part or the second part of the meeting, as might be thought by the voters to be most convenient.

The suggestion does not seem to us sound, since the prior statutes classify the business of the town meeting and designate what kind of business shall be done at each part thereof; and, in the absence of any necessary implication to the contrary, the reasonable conclusion would be that when in any subsequent statute any question is submitted to the voters of the town it should take its place under that classification.

Moreover it is to be observed that the statute under consideration makes quite a material change with reference to the appointment of members of the regular or permanent police and fire departments and their tenure of office, and it is fair to presume that upon such a question there might be considerable discussion which could not take place at the precinct meetings. In view of the universal usage as to the transaction of the business of a town at a general town meeting, it is not to be assumed that the Legislature in submitting this question to the voters intended to deprive them of the usual right to an interchange of views in the usual way at a general meeting.

*Exceptions overruled.*